**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JEREMY ALLEN WESSELS,

    Petitioner - Appellant,

v.

B. GOWER, Warden,

    Respondent - Appellee.

No. 13-56957

D.C. No. 3:13-cv-0819-GPC-RBB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted November 2, 2015
Pasadena, California

Before: W. FLETCHER and GOULD, Circuit Judges and CHRISTENSEN,[**] Chief District Judge.

  Petitioner Jeremy Allen Wessels, a California state prisoner, appeals from

the district court's denial of his petition for a writ of habeas corpus. We have

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**]  The Honorable Dana L. Christensen, Chief District Judge for the U.S. District Court for the District of Montana, sitting by designation.

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. As the parties are familiar with the facts, we do not recount them here.

1.      We afford deference under the Antiterrorism and Effective Death Penalty Act ("AEDPA") to the legal standard applied by the California Court of Appeal ("Court of Appeal"), as it was not contrary to clearly established federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1). The Court of Appeal applied a balancing test, weighing the reasons for the prosecutorial delay against any potential prejudice. Wessels argues that *United States v. Eight Thousand Eight Hundred and Fifty Dollars ($8,850) in U.S. Currency*, 461 U.S. 555, 563 (1983), requires a different legal standard. However, we conclude that this standard is dictum and not binding precedent for AEDPA purposes. *See Yarborough v. Alvarado*, 541 U.S. 652, 660 (2004).

2.      We also afford AEDPA deference to the Court of Appeal's determination of the facts. *See* 28 U.S.C. § 2254(d)(2). The Court of Appeal did not "plainly misapprehend or misstate the record" in characterizing the evidence and the trial court's conclusions regarding witness James Smith. *Milke v. Ryan*, 711 F.3d 998, 1008 (9th Cir. 2013) (citations omitted). The trial court excluded Smith's statement as speculative hearsay and noted that it was not necessarily exculpatory. The Court of Appeal agreed, and concluded that other evidence in the case rebutted

Smith's recollection that he may have heard David Binno and a female acquaintance arguing at or shortly after 7:00 p.m. on the day of Binno's murder.

Detective Rowe's statement that no evidence connected Wessels and Franswa Shammam to the murder if it occurred later in the day was not an acknowledgment by Rowe that Smith's testimony would exculpate Wessels. Rowe stated that he did not know Wessels' and Shammam's whereabouts at approximately 7:00 p.m. on the night of the murder, not that he knew they were elsewhere and therefore could not have committed a murder at that time.

Unlike Smith's speculative observation that the individuals he overheard may have been Binno and a female acquaintance, the prosecution's witness Kara Walter recounted hearing two popping sounds followed by loud music at approximately 4:30 p.m. on the day of the murder.

3. The Court of Appeal reasonably concluded that the prosecution's delay in indicting Wessels was not purposely undertaken in order to cure witness Monica Bihouet's credibility issues. While the delay in prosecuting Wessels had the effect of minimizing potential grounds for impeaching Bihouet, and thus resulted in some prejudice to Wessels' defense, the effect was incidental to the prosecutor's legitimate reasons for delay. From the time Bihouet came forward in her initial interview in 1996 through the time the prosecution issued charges in 2008, the

Binno murder case cycled through a number of lead investigators and was subject to what a reasonable jurist could conclude was a steady effort on the part of law enforcement officers and prosecutors to develop evidence. The prosecution was not required to file charges the moment Bihouet initially came forward. *See United States v. Lovasco*, 431 U.S. 783, 795-796 (1977).

4.     The Court of Appeal reasonably determined that the pre-indictment delay did not prejudice Wessels' ability to present a third-party culpability defense. First, Wessels does not dispute that the primary third-party supporting this defense, Sal Asker, was incarcerated at the time of Binno's murder, and Wessels concedes that he never suggested Asker himself was responsible for the killing. Second, while Wessels claimed that Asker may have information about Binno's connections to drug trafficking and possible drug traffickers, he never provided the trial court with any "direct or circumstantial evidence linking [Asker] to the actual perpetration of" Binno's murder. *People v. Hall*, 718 P.2d 99, 104 (Cal. 1986). Finally, Supreme Court precedent does not support Wessels' argument that the prosecution should have filed charges during the period between Bihouet coming forward in 1996 and Asker's murder in 1997. *See Lovasco*, 431 U.S. at 791 ("[P]rosecutors are under no duty to file charges as soon as probable cause exists but before they are satisfied they will be able to establish the suspect's guilt

-4-

beyond a reasonable doubt. To impose such a duty would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself.") (citations omitted).

5.    Because investigators consistently engaged with the Binno murder investigation during the delay period, the Court of Appeal did not misapprehend or misstate the record when it concluded that there were legitimate reasons for the delay. The record reasonably supports the conclusion that Detectives Serritella, Goldberg, and Scully worked diligently on the case between 1996 and 2006, and that it was only when witness David Abdala came forward in 2006 that charges were warranted.

6.    We decline to issue a certificate of appealability on the uncertified issue raised in Wessels' briefs. *See* 9th Cir. R. 22-1.

**AFFIRMED.**